IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

DERRICK SHERROD GALVIN,
ADC #163461                                                                  PLAINTIFF

V.                     CASE NO. 1:17-CV-78-BSM-BD

KIRT WILLIAMS, et al.                                                      DEFENDANTS

RECOMMENDED DISPOSITION

I. Procedure for Filing Objections

This Recommended Disposition ("Recommendation") has been sent to Chief Judge Brian S. Miller. Any party to this lawsuit may file written objections with the Clerk of Court within fourteen (14) days of filing of the Recommendation. Objections must be specific and must include the factual or legal basis for the objection. An objection to a factual finding must identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

By not objecting, any right to appeal questions of fact may be jeopardized. And, if no objections are filed, Chief Judge Miller can adopt this Recommendation without independently reviewing the record.

II. Discussion

A. Background

Derrick Sherrod Galvin, an Arkansas Department of Correction ("ADC") inmate, filed this civil rights lawsuit under 42 U.S.C. § 1983 without the help of a lawyer. (Docket entry #2) Mr. Galvin complains that the Defendants intentionally poisoned his

food, causing him to become ill; failed to provide him medical care following the poisoning incident; discriminated against him based on his religion; and retaliated against him.

Defendants have now moved for summary judgment on Mr. Galvin's claims against them, arguing that he failed to exhaust his administrative remedies. (#16) Mr. Galvin has responded to the motion, and it is ripe for review. (#20)

B.  Exhaustion

The Court must dismiss any claim that was not fully exhausted before the date a complaint was filed. See 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted"); *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (explaining the proper exhaustion of remedies "means using all steps that the [prison] holds out, and doing so properly"); *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003) ("If exhaustion was not completed at the time of filing, dismissal is mandatory").

There are exceptions to the exhaustion requirement. For example, prisoners can be excused from exhausting administrative remedies when correction officials have prevented them from using grievance procedures or when officials have themselves failed to comply with administrative procedures. *Miller v. Norris*, 247 F.3d 736, 740 (8th Cir. 2001); *Foulk v. Charrier*, 262 F.3d 687, 697-98 (8th Cir. 2001). But the exceptions to the exhaustion requirement are few. An inmate's subjective belief about the effectiveness of the grievance process does not excuse a failure to exhaust; nor does confusion about the

requirements for exhaustion. *Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000).

Exhaustion requirements vary from prison to prison because "it is the prison's requirements, and not the [Prison Litigation Reform Act], that define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007); see also *Woodford*, 548 U.S. at 91. Because Mr. Galvin was in the ADC, he was obligated to comply with the specific requirements of the ADC policy in order to fully exhaust administrative remedies. *Id*. Specifically, the ADC inmate grievance policy requires inmates to "write a brief statement that is specific as to the substance of the issue or complaint to include the date, place, personnel involved or witnesses." (#16-2 at p.6)

In support of their motion, Defendants attach the sworn statement of Barbara Williams, the ADC Inmate Grievance Coordinator. (#16-1) Ms. Williams testifies that Mr. Galvin did not fully exhaust any grievances identifying the named Defendants; therefore, she contends, he failed to exhaust his administrative remedies as to the claims raised against the Defendants in this lawsuit. (#16-1 at p.4)

According to Ms. Williams, Mr. Galvin exhausted eight grievances during the time period relevant to this lawsuit, and the named Defendants are not referenced in any manner in any of those grievances. (*Id*. at p.3)

On June 20, 2017, Mr. Galvin submitted grievance NC-17-478. (#16-3 at p.1) In that grievance, Mr. Galvin complained that an unidentified officer poisoned his food "out of retaliation from a previous disciplinary charge" and that he did not receive medical care following that incident. (*Id*.) Mr. Galvin appealed the denial of that grievance, but that appeal was dismissed based on Mr. Galvin's failure to comply with the ADC inmate

3

grievance procedure. (*Id*. at p.3)

On July 6, 2017, Mr. Galvin submitted an appeal of grievance NC-17-493, the grievance that he originally filed on June 17, 2017. (#16-5 at p.1) In that grievance, Mr. Galvin again complained that ADC officers retaliated against him by poisoning his food. (*Id*.) That grievance was rejected as untimely. (#16-5 at p.2)

On July 23, 2017, Mr. Galvin submitted grievance NC-17-552. (#16-4 at p.1) In that grievance, Mr. Galvin identified Defendants Baker and Williams as the ADC officers who poisoned his food on June 17, 2017. (*Id*.) That grievance also was rejected as untimely. (*Id*. at p.3)

In response to the pending motion, Mr. Galvin explains that he fully exhausted his administrative remedies with regard to the claims raised in this case before filing this lawsuit, and that Ms. Williams did not provide all of his grievance papers to the Court. (#20) While the Court is sympathetic to Mr. Williams's position, he has failed to present any papers to the Court to create a genuine question of fact regarding exhaustion. Without such evidence, Defendants are entitled to judgment as a matter of law.

### III.   Conclusion

The Court recommends that the Defendants' motion for summary judgment (#16) be GRANTED. Mr. Galvin's claims should be DISMISSED, without prejudice, based on his failure to exhaust his administrative remedies.

DATED this 26th day of January, 2018.

_____
UNITED STATES MAGISTRATE JUDGE

4